## 70118. POOLE v. THE STATE.
(333 SE2d 207)

SOGNIER, Judge.

Appellant was convicted of two counts of possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act, and he appeals.

1. Appellant contends it was error to deny his motion to suppress evidence found in a search of his trailer because the affidavit and search warrant were fatally defective, resulting in an illegal search and seizure.

Appellant contends the affidavit in support of the application for a search warrant is faulty because there is nothing to show the reliability of the informant, and there was no probable cause shown to issue the warrant. We agree and reverse as to Count Three.

When a written motion to suppress evidence obtained as a result of a search warrant is filed (as was done here), the trial court is required to receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion. OCGA § 17-5-30 (b); *State v. Slaughter*, 252 Ga. 435, 440 (315 SE2d 865) (1984). Such a hearing was held in the instant case but the State presented no evidence other than the affidavit and search warrant. The law requires that sufficient facts be set forth in the affidavit to enable the magistrate to make an independent determination as to whether probable cause exists to issue a search warrant. *McMahan v. State*, 125 Ga. App. 491, 492 (188 SE2d 183) (1972). Although the rigid "two-pronged" test set forth in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637), has been replaced by a "totality of circumstances" test, an informant's veracity or reliability and his "basis of knowledge" are relevant considerations in the totality of circumstances analysis used to determine whether probable cause exists for the issuance of a search warrant. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527). The court held in *Gates* that the affidavit supporting an application for a search warrant must provide the magistrate with a substantial basis for determining the existence of probable cause and a wholly conclusory statement is inadequate to provide such a basis.

In the instant case the affidavit does not state that the bag found near the place appellant was standing or the bags that he dropped contained marijuana; it does not state when marijuana was seen growing at appellant's trailer, or by whom; it does not state how or where the informant obtained his information; and the affidavit contains the wholly conclusory statement that the informant was reliable. Absent such information, there was nothing in the affidavit to show the informant's reliability or veracity, or his "basis of knowledge" as to appellant's possession and growing of marijuana at his trailer. Hence,

even under the more liberal "totality of circumstances" test and the "common sense" approach set forth in *Illinois v. Gates*, supra, the affidavit here did not provide the magistrate with a substantial basis for determining the existence of probable cause to issue a warrant authorizing a search of appellant's trailer. Accordingly, it was error to deny his motion to suppress evidence obtained pursuant to the search warrant.

2. Appellant contends the trial court erred by denying his motion to merge the charges of possession of marijuana with the charge of possession with intent to distribute marijuana, thereby subjecting appellant to double jeopardy and shifting the burden of persuasion to appellant.

Although it is unclear from the motion hearing whether appellant wanted both charges of possession merged with the charge of possession with intent to distribute marijuana, the issue is now moot, as appellant was found not guilty of possession of marijuana with intent to distribute. The incidents forming the basis of the two charges of possession of marijuana occurred on the same date, but at different times and locations; i.e., the first offense occurred in downtown Warrenton, Georgia, and the second offense occurred later the same day when appellant's trailer was searched. Thus, it was proper to charge each offense separately as each offense required proof of different facts and the offenses were not the same in law or fact. See generally *Pryor v. State*, 238 Ga. 698 (1) (234 SE2d 918) (1977). Hence, it was not error to deny appellant's motion to merge the two possession offenses.

3. Lastly, appellant contends the trial court erred by failing to charge the jury that in order to find him guilty of both counts of possession of marijuana they must find that he possessed marijuana on two separate occasions.

After the jury retired to deliberate on findings the trial court asked counsel if they wanted to put anything in the record concerning the charge and appellant's counsel stated: "No, Sir, Your Honor. My feeling, at the time, is the Charge was most concise and very well done, Your Honor." Thus, appellant waived his right to enumerate error as to the charge. *Brown v. State*, 154 Ga. App. 358, 359 (1) (268 SE2d 731) (1980).

*Judgment affirmed as to Count Two. Judgment reversed as to Count Three. Birdsong, P. J., and Carley, J., concur.*

DECIDED JULY 9, 1985.

*Jimmy D. Plunkett*, for appellant.
*Dennis C. Sanders, District Attorney, Harold W. Wallace III,*

376

*Assistant District Attorney*, for appellee.