## A03A2570. KINCHEN v. THE STATE.
(594 SE2d 686)

SMITH, Chief Judge.

Vinson Kinchen appeals the denial of his motion for discharge and acquittal on the ground of double jeopardy. The underlying facts, which were stipulated by the parties, show that Kinchen was arrested in Dougherty County after he attempted to sell approximately six pounds of marijuana to an undercover police officer. After the arrest, officers in Lee County, where Kinchen lived, obtained a search warrant for his home. Lee County officers discovered twelve pounds of marijuana in Kinchen's home.

Kinchen was charged in Dougherty County on a multi-count indictment, including possession with intent to distribute the marijuana he attempted to sell to the officer there. He pled guilty to the possession with intent to distribute charge and was sentenced. Approximately six months later, Kinchen was indicted in Lee County

for possession with intent to distribute the twelve pounds of marijuana discovered in the search of his home. He filed his motion asserting that double jeopardy attached to the Lee County prosecution as a result of his guilty plea in Dougherty County.

> The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Georgia Constitution also contains a double jeopardy clause which provides that "no person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const., 1983, Art. I, Sec. I, Par. XVIII. Further, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct.

(Citation omitted.) *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995).

Kinchen appears to rely upon the principle of substantive double jeopardy, which "precludes multiple convictions or punishments for crimes arising from the same criminal conduct. This limitation, which is codified at OCGA § 16-1-7 (a), precludes conviction or punishment for more than one crime if one is included in the other as a matter of law or fact." (Citations omitted.) *Teal v. State*, 203 Ga. App. 440, 441 (1) (417 SE2d 666) (1992).[1] See also OCGA § 16-1-8 (a) (prosecution barred if accused "formerly prosecuted for the same crime based upon the same material facts"). Kinchen contends that his "act of possessing the marijuana with intent to distribute was one continuous transaction." We disagree.

The facts here are remarkably similar to those in *Poole v. State*, 175 Ga. App. 374 (333 SE2d 207) (1985). Poole was charged with possession of marijuana based upon two incidents occurring on the same day. We rejected Poole's contention that he was subjected to double jeopardy by the trial court's refusal to merge the two charges, observing:

> The incidents forming the basis of the two charges of possession of marijuana occurred on the same date, but at different times and locations; i.e., the first offense occurred in downtown Warrenton, Georgia, and the second offense occurred later the same day when appellant's trailer was searched. Thus, it was proper to charge each offense separately as

---

[1] The other principle, procedural double jeopardy, is inapplicable here because the offenses are not "within the jurisdiction of a single court." OCGA § 16-1-7 (b).

each offense required proof of different facts and the offenses were not the same in law or fact. [Cit.]

*Id.* at 375 (2). Here, as in *Poole*, Kinchen engaged in two separate courses of conduct at different times and locations with distinct quantities of contraband, even though he may have at some earlier time possessed all the marijuana in his home.

*York v. State*, 242 Ga. App. 281, 294-295 (8) (528 SE2d 823) (2000), cited by Kinchen, is inapposite because the appellant in *York* was charged with two counts of trafficking in cocaine after a home invader removed some of the cocaine from his home, stole appellant's vehicle, and drove some distance away before being arrested. We held that appellant could not be charged with two separate counts of trafficking, because "[u]nder the facts of this case, [appellant] was trafficking in cocaine. He was not trafficking in cocaine twice. His possession and control of all of the cocaine in his home at the time of the incident were part of one continuous criminal act." *Id.* at 295. Here, Kinchen himself removed a portion of the marijuana to a different location for a different purpose and was not in possession and control of *all* the marijuana at the time of *either* incident. The trial court therefore did not err in denying his motion for discharge.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 6, 2004.

*Johnnie M. Graham*, for appellant.

*Cecilia M. Cooper, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellee.