A07A1269. THOMAS v. THE STATE.
(648 SE2d 111)

BLACKBURN, Presiding Judge.

Windell Thomas appeals the trial court's denial of his plea of former jeopardy and autrefois convict, arguing that his indictment on

---

charges that had previously been nolle prossed, pursuant to a negotiated plea agreement, subjected him to multiple prosecutions in violation of OCGA §§ 16-1-7 (b) and 16-1-8 (b). For the reasons set forth below, we affirm.

On June 18, 2002, Thomas was indicted on eleven counts of aggravated child molestation, eight counts of child molestation, one count of aggravated sodomy, and three counts of sexual exploitation of children for allegedly engaging in various sexual acts over a period of time with seven different young boys.[1] In the same indictment, Thomas was also charged with 12 counts of violating several provisions of the Georgia Controlled Substances Act (OCGA § 16-13-30 et seq.). On October 15, 2002, pursuant to a negotiated plea agreement, Thomas pled guilty to one count of child molestation[2] of C. B., one count of aggravated child molestation[3] of J. B., one count of sexual exploitation[4] of Je. H., one count of aggravated child molestation of Ja. H., and one count of child molestation of A. R. As part of the same agreement, Thomas also pled guilty to one count of aggravated sodomy[5] of N. S., which had been charged in a separate accusation.[6] In exchange for Thomas's guilty pleas, the State moved for and obtained an order of nolle prosequi as to the remaining counts in the 2002 indictment, and Thomas received a 15-year sentence.

On January 10, 2003, Thomas moved to withdraw his guilty pleas to the counts in the 2002 indictment and in the accusation. On August 13, 2003, he abandoned this motion with regard to his guilty pleas to the 2002 indictment but maintained his request to withdraw his guilty plea to the sole count in the accusation. In a hearing conducted that same day, the trial court set aside Thomas's guilty plea to the accusation and its sole charge alleging aggravated sodomy of N. S. on the ground that Thomas had not filed a written waiver of indictment as to that charge.

Based on the withdrawal of his guilty plea to the charge in the accusation, on October 6, 2003, Thomas was indicted on one count of aggravated child molestation of N. S., three counts of child molestation of N. S., two counts of sexual exploitation of N. S., one count of sexual exploitation with no specific victim named, one count of

---

[1] Four counts were later dismissed because the alleged acts occurred outside the applicable statutes of limitation.

[2] OCGA § 16-6-4 (a).

[3] OCGA § 16-6-4 (c).

[4] OCGA § 16-12-100 (b) (1).

[5] OCGA § 16-6-2 (a).

[6] The 2002 indictment included three counts alleging that Thomas committed sexual offenses against N. S. and one count alleging a controlled substance violation. However, under the negotiated plea agreement, Thomas did not plead guilty to these specific charges.

cruelty to children with regard to N. S., one count of aggravated sodomy of N. S., and seven counts of controlled substance violations. Thomas filed a plea of former jeopardy and autrefois convict, arguing that the charges in the new indictment had been disposed pursuant to either his guilty plea to some of the counts in the 2002 indictment or the order of nolle prosequi of the remaining 2002 charges. After a hearing on the issue, the trial court denied Thomas's plea of former jeopardy and autrefois convict. This appeal followed.

In his sole enumeration of error, Thomas contends that the trial court erred in denying his plea of former jeopardy and autrefois convict as to the 2003 indictment. Specifically, Thomas argues that his 2003 indictment on charges that had previously been nolle prossed, pursuant to the negotiated plea agreement, subjected him to multiple prosecutions in violation of OCGA §§ 16-1-7 (b) and 16-1-8 (b).[7] We disagree.

"It is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant." *City of Baldwin v. Barrett.*[8] See *Glover v. State.*[9] Here, Thomas initially agreed to plead guilty to five counts in the 2002 indictment and to the sole count of aggravated sodomy in the accusation in return for the State moving to have the remaining counts in the 2002 indictment nolle prossed. Now, Thomas wants to avoid performing one part of the bargain while enjoying the portion of the agreement that was beneficial to him. However, in withdrawing his guilty plea to the sole count in the accusation, Thomas breached the agreement he made with the State, and the State may rescind part of the agreement by indicting Thomas on the charges that were previously nolle prossed.[10] See *Brown v. State.*[11] Contrary to his assertions, "[Thomas] cannot shield himself from the consequences of his breach by invoking double jeopardy principles." Id. at 118. See *Ricketts v. Adamson.*[12]

Moreover, even if we were to disregard Thomas's breach of the negotiated plea agreement, his contention that prosecution under the 2003 indictment is barred pursuant to OCGA §§ 16-1-7 (b) and 16-1-8

---

[7] Although Thomas's appellate brief initially contends that the trial court's denial of his plea of former jeopardy and autrefois convict also subjected him to double jeopardy in violation of the United States and Georgia Constitutions, the arguments in his brief focus exclusively on the claim that the trial court's order violated OCGA §§ 16-1-7 (b) and 16-1-8 (b).

[8] *City of Baldwin v. Barrett*, 265 Ga. 489, 490 (458 SE2d 619) (1995).

[9] *Glover v. State*, 258 Ga. App. 527, 529 (574 SE2d 565) (2002).

[10] Thomas does not suggest that the 2003 indictment was not returned within the statutes of limitation applicable to the offenses charged. See OCGA § 17-3-1. See also *Kyles v. State*, 254 Ga. 49, 50-51 (326 SE2d 216) (1985).

[11] *Brown v. State*, 261 Ga. App. 115, 117 (582 SE2d 13) (2003).

[12] *Ricketts v. Adamson*, 483 U. S. 1, 11 (107 SC 2680, 97 LE2d 1) (1987).

(b) is without merit. OCGA § 16-1-7 (b) provides in pertinent part: "[i]f . . . several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." This statute

> expands the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions because it protects a defendant from multiple prosecutions arising from the same conduct in situations where constitutional double jeopardy would not be a defense.

(Citation and punctuation omitted.) *Griffin v. State.*[13] In addition, OCGA § 16-1-8 (b) provides in pertinent part:

> A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution. . . .

In interpreting the meaning of "same conduct" under these provisions, we have found that charges for separate crimes were properly joined where there has been an unbroken sequence of crimes against one person. See *Smith v. State*[14] (rape, kidnapping, aggravated sodomy, and robbery of one victim). We have also found that driving violations, drug offenses, and crimes against the person all arose from the same conduct where the conduct took place over the course of a few minutes and involved the defendant's actions while driving and during a traffic stop. See *Weaver v. State*[15] (DUI, endangering a child while DUI, and speeding). On the other hand, we have found that multiple counts of burglary or theft by receiving did not arise from the same conduct even when the stolen property was recovered in the course of a single arrest, where the defendant burgled several different homes at separate times. See *Norwood v. State.*[16]

In the 2003 indictment in this matter, Thomas has been charged with committing several sexual offenses against N. S. and with possession of several different controlled substances. Although some

---

[13] *Griffin v. State*, 266 Ga. 115, 117 (2) (464 SE2d 371) (1995), overruled in part on other grounds, *Washington v. State*, 276 Ga. 655, 658 (581 SE2d 518) (2003).

[14] *Smith v. State*, 214 Ga. App. 631, 632 (2) (448 SE2d 906) (1994).

[15] *Weaver v. State*, 224 Ga. App. 243, 244 (480 SE2d 286) (1997).

[16] *Norwood v. State*, 249 Ga. App. 507, 508 (1) (548 SE2d 478) (2001).

of these charges were previously included in the 2002 indictment, they were not the charges to which Thomas pled guilty but rather were charges that were ultimately nolle prossed. Furthermore, while the 2003 charges are similar to the 2002 charges to which Thomas pled guilty, they ultimately involve separate sexual offenses committed against a different victim at different times. Indeed, "[n]othing in the record suggests that [Thomas] committed one act which harmed all the victims simultaneously." *Summers v. State.*[17] Thus, the counts in the 2003 indictment did not arise from the "same conduct" as the counts in the 2002 indictment to which Thomas pled guilty in the sense of one specific transaction or unbroken sequence of events as contemplated by OCGA §§ 16-1-7 (b) and 16-1-8 (b). See id. at 341.

Accordingly, the trial court did not err in denying Thomas's plea of former jeopardy and autrefois convict.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JUNE 11, 2007 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Kenneth W. Krontz, Allen M. Trapp, Jr., Brian Steel*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.

---

[17] *Summers v. State*, 263 Ga. App. 338, 340 (587 SE2d 768) (2003).