**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 18, 2013**

# In the Court of Appeals of Georgia

A13A1293. THE STATE v. PRUIETT.

BRANCH, Judge.

Shortly after Debra Pruiett pled guilty to possessing an unspecified amount of Xanax on a particular day, she was charged with four counts of possessing drugs, including another unspecified amount of Xanax, on that same day. Pruiett filed a double jeopardy plea in bar, which the trial court granted. We affirm the grant of the bar as to the second charge for possession of Xanax, but reverse as to the charges for possession of the remaining three drugs named in the second accusation.

> On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. Where the evidence is uncontroverted and witness credibility is not an issue, our review of the trial court's application of the law to the undisputed facts is de novo.

(Footnote omitted.) *Etienne v. State*, 298 Ga. App. 149, 150 (679 SE2d 375) (2009).

The State did not introduce any evidence at the hearing on Pruiett's plea; accordingly, the evidence introduced by Pruiett at that hearing was uncontroverted. On July 30, 2010, a police officer from Trion, Georgia received information that Pruiett was going to be delivering some methamphetamine at a specific location in the Trion area. When Pruiett appeared at the appointed place, the officer searched Pruiett's car and found an unspecified quantity of one-milligram pills of Xanax, a controlled substance, inside. The officer arrested Pruiett for possession of the drug without a prescription. At the time of her arrest, Pruiett told the officer that she had more of the drug at her house. While Pruiett was on her way to the county jail, the arresting officer called a Chattooga County[1] narcotics investigator, who interviewed Pruiett at the jail. Pruiett told the investigator that she had obtained the pills from her sister and that she kept them at her home. The investigator obtained and executed a warrant to search Pruiett's house, where the investigator found, among other things, a spoon and baggie bearing methamphetamine residue, six two-milligram alprazolam tablets, one and a half clonazepam tablets, and a bag of marijuana. During the search,

---

[1] Trion is located in Chattooga County.

2

Pruiett's live-in companion, Carlton Day, arrived home from work. He was also arrested.

On the same day that the Xanax was found in Pruiett's car and in her home, the police officer charged Pruiett with possession of alprazolam, and the narcotics investigator charged her with possession of methamphetamine and unspecified Schedule IV controlled substances. On October 26, 2010, Pruiett was formally accused of possessing an unspecified amount of alprazolam "on the 30th day of July, 2010," an accusation to which she pled guilty on February 14, 2011. On March 1, 2011, approximately two weeks after Pruiett's plea, Pruiett and Day were both formally accused of possessing unspecified amounts of methamphetamine, alprazolam, and clonazepam, as well as less than one ounce of marijuana, "on the 30th day of July, 2010." The second accusation against Pruiett did not distinguish the alprazolam discovered in her home from that found in her car and at issue in the first accusation (to which she had already pled guilty). On August 5, 2011, Pruiett filed a double jeopardy plea in bar under OCGA §§ 16-1-7 and 16-1-8, seeking to dismiss all four counts of the second accusation. Pruiett's plea in bar was heard on August 22, 2012. On February 4, 2013, the trial court granted Pruiett's plea in bar.

1. On appeal, the State argues that the trial court erred when it granted Pruiett's plea in bar under OCGA §§ 16-1-7 and 16-1-8. We agree in part.

> The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Georgia Constitution also contains a double jeopardy clause which provides that "no person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const., 1983, Art. I, Sec. I, Par. XVIII. Further, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct.

(Citation omitted.) *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995).

OCGA § 16-1-7 provides in relevant part:

(a) *When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime.* He may not, however, be *convicted* of more than one crime if: (1) [o]ne crime is included in the other; or (2) [t]he crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

(b) *If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . . .*

4

(Emphasis supplied.) OCGA § 16-1-8 provides in relevant part:

(a) A prosecution is barred if the accused was formerly *prosecuted for the same crime based upon the same material facts, if* such former prosecution . . . [r]esulted in either a conviction or an acquittal. . . .

(b) A prosecution is barred if the accused was *formerly prosecuted for a different crime or for the same crime based upon different facts*, *if* such former prosecution: . . . [r]esulted in either a conviction or an acquittal and *the subsequent prosecution [i] is for a crime of which the accused could have been convicted* on the former prosecution, *[ii] is for a crime with which the accused should have been charged* on the former prosecution (unless the court ordered a separate trial of such charge), *or [iii] is for a crime which involves the same conduct*, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began.

(Emphasis supplied.)

OCGA §§ 16-1-7 (a) and 16-1-8 (a) codify the principle of "substantive double jeopardy" in that they preclude multiple convictions or prosecutions "for crimes arising from the same criminal conduct." (Citation omitted.) *Teal v. State*, 203 Ga. App. 440, 441-442 (1), (2) (417 SE2d 666) (1992). By contrast, and as the Supreme Court of Georgia has noted, OCGA § 16-1-8 (b) "embraces the concept of res judicata and is not constitutional double jeopardy, but is protection against subsequent

5

prosecution where the defendant *could* have been, and under . . . OCGA § 16-1-7 (b), *should* have been prosecuted on a former prosecution." (Emphasis supplied.) *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984). "[A] plea of guilty to an indictment or complaint with its entry on the record and acceptance by the trial judge constitutes jeopardy for purposes of OCGA §§ 16-1-7 (b) and 16-1-8 (b)." *State v. Smith*, 185 Ga. App. 694, 696 (365 SE2d 846) (1988).

(a) Pruiett's prosecution for possession of the Xanax found at her house is not barred under the substantive double jeopardy provisions of OCGA §§ 16-1-7 (a) and 16-1-8 (a) because it did not arise out of the "same conduct" as the possession of the drug in her car on the same day that formed the basis of her guilty plea.

> The phrase "the same conduct" in [OCGA § 16-1-7] has been used interchangeably with the phrase "the same transaction." In determining whether two offenses arise from the same conduct or transaction, Georgia courts have considered whether the two crimes involve the same parties, circumstances, locations, and times. The courts also consider whether evidence of the other offenses could be presented without permitting evidence of the first offense or vice versa.

(Citations and punctuation omitted.) *Morgan v. State*, 220 Ga. App. 198, 199 (469 SE2d 340) (1996).

Here, the two accusations against Pruiett arose from the discovery of one-milligram pills of Xanax in her car by the Trion police officer on July 30, 2010, and the discovery of two-milligram pills of the same drug, as well as methamphetamine, clonazepam, and marijuana, by the county investigator at Pruiett's home later on the same day. Although these discoveries were made on the same day, and although Pruiett was the common possessor in both cases, they occurred under different circumstances: Pruiett possessed the one-milligram doses in her car while traveling to an appointed drug deal, but shared possession of the two-milligram doses found later on July 30 at the home she shared with Day before beginning the trip culminating in her arrest. As we held in another case involving the discovery of drugs both at a failed drug deal and at the defendant's residence later on the same day, "[t]he incidents forming the basis of the two charges . . . occurred on the same date, but at different times and locations," such that "each offense required proof of different facts and the offenses were not the same in law or fact." *Poole v. State*, 175 Ga. App. 374, 375 (2) (333 SE2d 207) (1985); see also *Kinchen v. State*, 265 Ga. App. 474, 475-476 (594 SE2d 686) (2004) (following *Poole* and denying motion for acquittal as to convictions for possession of marijuana that a defendant attempted to sell to an undercover officer and for possession of the same drug later discovered in a warranted

7

search of his home); *Davis v. State*, 287 Ga. App. 535, 536 (652 SE2d 177) (2007) (affirming denial of plea in bar as to subsequent prosecution where two sets of charges "involved different victims, locations, and times"). Compare *York v. State*, 242 Ga. App. 281, 294-295 (8) (528 SE2d 823) (2000) (two counts of cocaine trafficking could not both stand where first count arose when home invader removed some of the cocaine from defendant's house, stole defendant's car, and drove some distance away before being arrested).

(b) Pruiett's prosecution under the second accusation for possession of the Xanax found at her house is barred by the procedural double jeopardy provisions of OCGA § 16-1-8 (b), however.

OCGA § 16-1-8 (b) (1) bars prosecution if an accused has been "formerly prosecuted for a different crime or *for the same crime based upon different facts*," if the former prosecution "[r]esulted in either a conviction or an acquittal and the subsequent prosecution [i] is for a crime of which the accused *could have been convicted* on the former prosecution, [ii] is for a crime with which *the accused should have been charged on the former prosecution* (unless the court ordered a separate trial of such charge), *or* [iii] is for a crime *which involves the same conduct*, unless each prosecution requires proof of a fact not required on the other prosecution or the crime

8

was not consummated when the former trial began." (Emphasis supplied.) See *McCannon*, 252 Ga. at 519 (OCGA § 16-1-8 (b) (1) "is worded in the disjunctive so that either (i), (ii), or (iii) is sufficient to establish the bar").

Here, the State charged Pruiett with the identical crime of possession of an unspecified amount of Xanax on July 30, 2010, in two accusations, the second of which was brought after Pruiett had pled guilty to the first. We also note that the record before us does not include a transcript of the hearing at which Pruiett pled guilty to the first accusation, with the result that we cannot determine whether the factual bases for that plea included possession of the drug in both her car and her home. "A plea of guilty admits the facts set forth in an accusation or indictment." (Punctuation and footnote omitted.) *Neslein v. State*, 288 Ga. App. 234, 236 (1) (653 SE2d 825) (2007). Under these circumstances, which include the State's charging Pruiett in the second accusation with a crime identical to that to which she had already pled guilty, the State has not shown that Pruiett was not convicted of possessing both the Xanax found in her car and that found in her home when she entered her guilty plea to the first accusation. The first of the three grounds for the procedural double jeopardy bar of OCGA § 16-1-8 (b) (1) is thus established, and the trial court did not

9

err when it barred the State from bringing the second charge for possession of Xanax against Pruiett.

2. The three remaining charges against Pruiett for possession of methamphetamine, clonazepam, and marijuana in her home are not barred under either (a) substantive or (b) procedural double jeopardy.

(a) Pruiett's possession of the three drugs other than Xanax found at her home did not involve the "same conduct" as that at issue in the first accusation (which involved only Xanax), with the result that her prosecution for them does not violate the substantive double jeopardy provisions of OCGA §§ 16-1-7 (a) and 16-1-8 (a). See *Poole*, 175 Ga. App. at 375 (2). Compare *Nicely v. State*, 305 Ga. App. 387, 390 (1) (699 SE2d 774) (2010) (reversing denial of double jeopardy plea in bar as to two crimes arising from the same conduct).

(b) Pruiett's prosecution for the three drugs other than Xanax found at her home does not violate the procedural double jeopardy bar because the second prosecution on those charges meets none of the scenarios laid out in OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1).

First, Pruiett could not have been convicted of possession of these drugs on the former prosecution, which involved only Xanax. See OCGA § 16-1-8 (b) (1) [i];

10

*McCannon*, 252 Ga. at 519 (defendant previously placed in jeopardy as to murder could not have been convicted of rape, even if arising from the same conduct, on the former prosecution). Second, and as we have noted, these three crimes did not arise from the "same conduct" as the charge concerning possession of Xanax in Pruiett's car, such that she cannot show that she "should have been charged" with possession of the three drugs found in her house in the first prosecution concerning the Xanax found in her car. Finally, facts showing that this district attorney had actual knowledge of both prosecutions are irrelevant where the two prosecutions arose from different conduct. See OCGA § 16-1-7 (b) (requiring single prosecution only of "several crimes arising from the same conduct"); *Summers v. State*, 263 Ga. App. 338, 339-341 (587 SE2d 768) (2003) (where various acts of financial identity fraud did not arise from the same conduct, defendant could not show that he should have been prosecuted in the first proceeding for the crimes charged in the second under OCGA § 16-1-8 (b)); compare *Nicely v. State*, 305 Ga. App. 387, 390 (1) (699 SE2d 774) (2010) (reversing denial of plea in bar when district attorney's actual knowledge concerning charge of cocaine possession was imputed to assistant district attorney who had previously accepted a plea as to a traffic citation arising from the same conduct). Thus the procedural double jeopardy provisions of OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1) [ii]

11

and [iii] do not apply. *Summers*, 263 Ga. App. at 340-341; see also *Teal v. State*, 203 Ga. App. 440, 443 (2) (b) (417 SE2d 666) (1992) (even when trespass charges and battery charges "occurred on the same day," they took place at different times and locations, and "[e]vidence of the battery could be presented without presenting evidence of the trespass and vice versa," such that the later trespass charge was not barred under OCGA § 16-1-8 (b)).

The trial court did not err when it granted Pruiett's plea in bar as to the second accusation for possession of Xanax, but erred when it granted the plea in bar as to the second accusation's charges for possession of methamphetamine, clonazepam, and marijuana.

*Judgment affirmed in part and reversed in part. Phipps, C. J., and Ellington, P. J., concur.*