**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 2, 2021**

# In the Court of Appeals of Georgia

A21A0911. LAGHAEIFAR v. THE STATE.

BROWN, Judge.

Kousha Laghaeifar appeals from the denial of his plea in bar on double jeopardy grounds. He argues that this prosecution is precluded by his prior guilty plea to other charges arising from the same conduct and same transaction. For reasons that follow, we affirm in part and reverse in part.

The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. But where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts.

(Citation and punctuation omitted.) *Massengille v. State*, 356 Ga. App. 729 (848 SE2d 902) (2020). The testimony from the plea-in-bar hearing shows that in February 2018, the Forsyth County Sheriff's Department began investigating Laghaeifar after he was introduced to them by a confidential informant. On February 28, 2018, a Forsyth County detective arranged via text to purchase marijuana from Laghaeifar. Because the sale occurred at Laghaeifar's home in Fulton County, the Forsyth County detective notified the Johns Creek Police Department, and a joint investigation began. The joint investigation continued through April 4, 2018, involved "several phone calls" to Laghaeifar's home, "a lot of" which were placed from Forsyth County, and finally culminated in an agreement for a "transaction" on April 4, 2018, at a hotel parking lot in Forsyth County. On the morning of April 4, 2018, Laghaeifar was placed under constant surveillance at his home while Forsyth County officers continued to communicate with him about the transaction. Laghaeifar was observed leaving his home with a large duffel bag and proceeding to the hotel parking lot, where he removed the same large duffel bag from his vehicle. Forsyth County officers arrested Laghaeifar as he exited his vehicle. The duffle bag contained 11 pounds of marijuana, which was taken by a Forsyth County officer and placed in the department's property room. On the same day — while Laghaeifar was in custody in

2

Forsyth County — Johns Creek officers obtained and executed a warrant for the search of his residence where they discovered an additional 2.5 ounces of marijuana and a couple of long-bladed knives. The marijuana seized from Laghaeifar's home was processed through the "Johns Creek Police Evidence Room."

On July 9, 2018, Laghaeifar was indicted in Forsyth County for sale of marijuana (Count 1), trafficking in marijuana (Count 2), possession of a firearm during the commission of a felony (Count 3), and use of communication facility (Count 4).[1] On October 30, 2018, Laghaeifar was indicted in Fulton County for sale of marijuana (Count 1), possession of marijuana with intent to distribute (Count 2),

---

[1] Count 2 of the Forsyth County indictment charged Laghaeifar "with the offense of TRAFFICKING IN MARIJUANA (OCGA § 16-13-31 (c)), for that said accused on the 4th day of April, 2018, in the County of Forsyth, did unlawfully possess more than 10 pounds of marijuana[.]" Count 4 of the Forsyth County indictment charged Laghaeifar

> with the offense of ILLEGAL USE OF COMMUNICATION FACILITY (OCGA § 16-13-32.3), for that the said accused on the 28th day of February, 2018, to the 4th day of April, 2018, in the County of Forsyth, did knowingly and intentionally use an electronic device capable of sending text messages, a communication facility, in facilitating the commission of an act constituting a felony under the provisions of Chapter 13 of Title 16 of the Official Code of Georgia, to wit: § 16-13-33 by arranging the sale of marijuana[.]

3

and use of communication facility in committing crime (Count 3).[2] On December 11, 2018, Laghaeifar entered a negotiated guilty plea in Forsyth County to sale of marijuana, trafficking in marijuana (which was reduced to possession of marijuana with intent to distribute), and possession of a firearm during the commission of a felony. The State nolle prossed the remaining charge of illegal use of communication facility. On December 18, 2018, Laghaeifar filed a plea in bar, seeking to dismiss the Fulton County charges on double jeopardy grounds. He alleged that the charges in the Fulton County indictment were part of the same conduct and transaction as the charges to which he pleaded guilty in Forsyth County. Following an evidentiary

---

[2] Count 2 of the Fulton County indictment charged Laghaeifar "with the offense of POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE OCGA § 16-13-30 (j), for the said accused, in the County of Fulton and State of Georgia, on the 4th day of April, 2018, did unlawfully possess and control with intent to distribute Marijuana[.]" Count 3 of the Fulton County indictment charged Laghaeifar

> with the offense of USE OF COMMUNICATION FACILITY IN COMMITTING CRIME OCGA § 16-13-32.3 (a), for the said accused, in the County of Fulton and State of Georgia, on the 4th day of April, 2018, did knowingly and intentionally use a communication facility, to wit: Cellular phone to facilitate a commission of a felony offense defined in the Georgia Controlled Substances Act, to wit: Sale of Marijuana[.]

4

hearing, the trial court granted the motion as to Count 1 (sale of marijuana),[3] but denied it as to Count 2 (possession of marijuana with intent to distribute) and Count 3 (use of communication facility in committing crime). The trial court ruled that both counts "were committed in Fulton County, thus Fulton County Superior Court has exclusive jurisdiction." Laghaeifar appeals from this ruling, contending in his sole enumeration of error that the trial court erred in denying his plea in bar/double jeopardy motion as to Counts 2 and 3 of the Fulton County indictment.

"The Fifth Amendment to the United States Constitution and the Georgia Constitution prohibit the government from placing a defendant in jeopardy twice for the same offense once he has been convicted or acquitted, and also prohibit multiple punishments for the same offense. Georgia Const. of 1983, Art. I, Sec. I, Par. XVIII." (Citations and punctuation omitted.) *Herrington v. State*, 315 Ga. App. 101, 102 (1) (726 SE2d 625) (2012).

> The bar to successive prosecutions is referred to as the procedural aspect of the double jeopardy rule. The rationale behind the bar to successive prosecutions is to prevent harassment of the accused. The bar to multiple convictions is referred to as the substantive aspect. The rationale behind

___

[3] Count 1 was subsequently dismissed for want of prosecution.

the bar to multiple convictions is to prevent multiple and excessive punishments.

(Citation and punctuation omitted.) *Maxwell v. State*, ___ Ga. ___ *3 (2) (Case Nos. S21A0302/0303, June 1, 2021). "Because the Georgia Code expands the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions, all questions of double jeopardy in Georgia must now be determined under OCGA §§ 16-1-6 through 16-1-8." (Citation and punctuation omitted.) Id.

(a) *Count 2 (Possession of Marijuana with Intent to Distribute)*. Laghaeifar contends that Fulton County's prosecution of him for this charge is barred under (i) the principle of substantive double jeopardy (OCGA § 16-1-8 (a)) and (ii) the principle of procedural double jeopardy (OCGA §§ 16-1-7 (b) and 16-1-8 (b)) because he has already been convicted in Forsyth County for possession of marijuana with intent to distribute (as reduced from trafficking) and both the Fulton County and Forsyth County possession of marijuana with intent to distribute charges "arose out of the same course of conduct" or the "same criminal conduct." We are not persuaded.

(i) *Substantive Double Jeopardy.* OCGA § 16-1-8 (a) provides that "[a] prosecution is barred if the accused was formerly prosecuted for the same crime based

6

upon the same material facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal; or (2) Was terminated improperly after the jury was impaneled and sworn[.]" The reduced possession charge to which Laghaeifar pleaded guilty in Forsyth County arose from the seizure of 11 pounds of marijuana in the parking lot of a hotel in Forsyth County on the morning of April 4, 2018, while Count 2 of the Fulton County indictment arose from the discovery of additional marijuana at Laghaeifar's home pursuant to the execution of a search warrant later that same day. Accordingly, it was proper to charge each offense separately. This conclusion is in line with a number of cases decided by this Court. See *State v. Pruiett*, 324 Ga. App. 789, 792-793 (1) (a) (751 SE2d 579) (2013) (prosecution for possession of Xanax found at defendant's house did not arise out of the same conduct as the possession of the drug in the defendant's car on the same day that formed the basis of the defendant's guilty plea); *Kinchen v. State*, 265 Ga. App. 474, 475-476 (594 SE2d 686) (2004) (defendant's indictment on charge of possession with intent to distribute twelve pounds of marijuana found in his home in Lee County following his plea of guilty in Dougherty County to charge of possession with intent to distribute six pounds of marijuana he attempted to sell undercover officer did not violate double jeopardy because defendant "engaged in two separate courses of conduct at different

7

times and locations with distinct quantities of contraband, even though he may have at some earlier time possessed all the marijuana"); *Poole v. State*, 175 Ga. App. 374, 375 (2) (333 SE2d 207) (1985) (prosecution for possession of marijuana found near defendant during apparent drug deal in downtown area did not arise out of the same conduct as possession of marijuana found during a search of the defendant's residence later that same day).[4]

(ii) *Procedural Double Jeopardy.*

Under OCGA § 16-1-7 (b), if several crimes (1) arising from the same conduct are (2) known to the proper prosecuting officer at the time of commencing the prosecution and are (3) within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, *all three prongs must be satisfied*.

(Citation and punctuation omitted; emphasis supplied.) *Daniels v. State*, 355 Ga. App. 134, 135-136 (843 SE2d 18) (2020). Because Laghaeifar is unable to satisfy the first prong, we need not address prongs two and three.

---

[4] Laghaeifar does not allege that the Fulton County prosecution is barred under OCGA § 16-1-7 (a).

8

"This [C]ourt has held that the term 'same conduct' is used interchangeably with the phrase 'same transaction.' We also consider whether the offenses at issue 'arose out of one course of conduct.'" (Citation and punctuation omitted.) *Hassard v. State*, 319 Ga. App. 708, 711 (1) (738 SE2d 293) (2013). See also *Maxwell*, ___ Ga. ___ at *3 (c); *Daniels*, 355 Ga. App. at 136 ("the crimes arise from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action; additionally, if it is necessary to present evidence of the one crime in order to prove the other, then the State must prosecute those charges at the same time") (citation and punctuation omitted). As we have previously summarized,

> [i]n interpreting the meaning of "same conduct" under these provisions, we have found that charges for separate crimes were properly joined where there has been an unbroken sequence of crimes against one person. We have also found that driving violations, drug offenses, and crimes against the person all arose from the same conduct where the conduct took place over the course of a few minutes and involved the defendant's actions while driving and during a traffic stop. On the other hand, we have found that multiple counts of burglary or theft by receiving did not arise from the same conduct even when the stolen property was recovered in the course of a single arrest, where the defendant burgled several different homes at separate times.

9

(Citations and punctuation omitted.) *Thomas v. State*, 285 Ga. App. 792, 795 (648 SE2d 111) (2007). In this case, as discussed above, Count 2 of the Fulton County indictment (possession of marijuana with intent to distribute) did not arise from the "same conduct" as Count 2 of the Forsyth County indictment (trafficking in marijuana, reduced to possession of marijuana with intent to distribute), to which Laghaeifar pleaded guilty "in the sense of one specific transaction or unbroken sequence of events as contemplated by OCGA §§ 16-1-7 (b) and 16-1-8 (b)." Id. at 796.

Relying on *Morgan v. State*, 220 Ga. App. 198 (469 SE2d 340) (1996), Laghaeifar contends that Count 2 of the Forsyth County indictment and Count 2 of the Fulton County indictment arose from the same conduct because he was under uninterrupted surveillance by the same team before he left his residence in Fulton County until he was arrested in Forsyth County and the Fulton County charge was complete at the time he was arrested. In *Morgan*, a confidential informant and drug agent went to purchase drugs from the defendant's cousin. 220 Ga. App. at 198. The sale was monitored by four officers and two surveillance vehicles. Id. The cousin took government funds into the woods at the rear of his home and returned with crack cocaine which he delivered to the confidential informant. Id. In the meantime, a

10

vehicle departed the home and was followed and stopped a short time later and its occupants, including the defendant, were arrested. Id. The government funds, a large amount of currency, and 19 plastic bags of crack cocaine were found in the defendant's pocket. Id. In November 1994, the defendant was convicted of possession with intent to distribute the 19 bags of crack cocaine. Id. at 198. In February 1995, the defendant was convicted of sale of the cocaine delivered by his cousin to the confidential informant. Id. at 199. We reversed the trial court's denial of the defendant's plea of former jeopardy, pointing out that the additional drugs were discovered in the defendant's pocket, inside the marked money, and concluding that the offenses arose out of the same conduct and transaction and were part of an ongoing chain of events perpetrated very close in time and witnessed by the same investigative team conducting continuous surveillance. Id. at 200.

This case is distinguishable. While Laghaeifar was under investigation by a joint drug task force and subject to continued surveillance on the morning of April 4, 2018, the offenses with which Laghaeifar was charged were separate, unrelated offenses. The marijuana discovered in Laghaeifar's home in Fulton County pursuant to a search warrant — and hours after Laghaeifar was arrested by Forsyth County officers — was separate from the 11 pounds of marijuana seized from Laghaeifar in

11

a Forsyth County hotel parking lot during a pre-arranged drug sale. The crimes alleged in the indictment involved different locations and times, and unlike *Morgan*, they require proof of different facts, and it is not necessary to present evidence of the one crime in order to prove the other. See *Daniels*, 355 Ga. App. at 136-137; *Davis v. State*, 287 Ga. App. 535 (652 SE2d 177) (2007). Compare *Dean v. State*, 309 Ga. App. 459 (711 SE2d 42) (2011) (concluding that multiple traffic offenses committed on the same date without a break "in the action" arose from the same conduct). Accordingly, the trial court properly denied Laghaeifar's plea in bar on Count 2 of the Fulton County indictment.

(b) *Count 3 (Use of Communication Facility)*. We reach a different result with respect to this count. In *Arnold v. State*, 352 Ga. App. 777 (835 SE2d 759) (2019), the appellant argued that the trial court erred in denying his plea in bar based on double jeopardy where the same charges, arising out of the same incident, were nolle prossed by a court of the same state as part of a plea agreement. Id. at 778. Laghaeifar makes the same argument here with regard to Count 3. As in *Arnold*, we find that Laghaeifar has "conflate[d] two distinct theories of law: double jeopardy as a bar to subsequent prosecution and a negotiated plea agreement as a bar to subsequent prosecution." Id. In *Arnold*, we found that the State was not barred from reindicting

12

the defendant for kidnapping on statutory double jeopardy grounds because there had been no conviction or acquittal in the former prosecution of that charge (OCGA § 16-1-8 (b)); however, the State was barred from reindicting the defendant based on its prior agreement with him on the ground that "the end result of a negotiated plea agreement is, in essence, a contract between a defendant and the State. As such, in many circumstances it is appropriate to view the final negotiated plea agreement as a package deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." (Citation and punctuation omitted.) Id. at 779-780. See also *Thomas v. State*, 285 Ga. App. 792, 794 (648 SE2d 111) (2007) ("[i]t is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant") (citation and punctuation omitted). "This principle is rendered meaningless if the State may circumvent any such prohibition by reindicting [Laghaeifar] for [use of communication facility] in Fulton County simply because, on the current factual posture of this case, that charge apparently could have been brought in either county." *Arnold*, 352 Ga. App. at 780.

We reach the same conclusion here. Contrary to the State's assertion, Count 4 of the Forsyth County indictment, which the State agreed to nolle pros, and Count 3 of the Fulton County indictment charge the same offense; while the Fulton County

13

charge refers only to communications on April 4, 2018, that date is encompassed by the Forsyth County charge and the testimony of both the Forsyth County detective and the Johns Creek detective confirms that the communications charged were one and the same. Accordingly, we reverse the trial court's denial of Laghaeifar's plea in bar on Count 3 of the Fulton County indictment.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Reese, J., concur*.